UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAINTERS AND ALLIED TRADES )
DISTRICT COUNCIL NO. 35 )
    Plaintiff, )
)
v. )    C.A. No.
)
)
CANAAN DRYWALL, )
d/b/a CANAAN DRYWALL, INC. )
    Defendant. )
)

MAGISTRATE JUDGE RBC

RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED YES
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 3/23/05

**COMPLAINT**

1.    This is an action to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. §185. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337.

2.    Plaintiff, Painters and Allied Trades District Council No. 35, is a labor organization within the meaning of 29 U.S.C. §152(5) and is the duly authorized collective bargaining representative of painters and allied trades employed in Massachusetts, Maine, New Hampshire and Vermont. Plaintiff's principal office is located at 25 Colgate Road, Roslindale, Massachusetts 02324.

3.    Defendant, Canaan Drywall, d/b/a Canaan Drywall, Inc. is an employer within the meaning of 29 U.S.C. §152(2) and §185, does business in this judicial district, and has its principal place of business in Canaan, New York.

4.  Plaintiff and Defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. §185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

5.  Plaintiff invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration several disputes with Defendant that had arisen under the collective bargaining agreement.

6.  The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints," and that the Joint Trade Board's decisions are binding as to the parties.

7.  The New England Painting, Finishing & Glazing Industries DC 35 Joint Trade Board ("Joint Trade Board") is made up of representatives from both Painters and Allied Trades District Council No. 35 and the Painters and Finishing Employers Association of New England, Inc. ("Contractors Association"), and is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints" against members of either party to the Agreement, or independent signatory employers, for alleged violations of the Agreement.

8.  The Agreement mandates that the Joint Trade Board's decisions are binding on the parties, including any independent signatory.

9.  Following a hearing held in Roslindale, Massachusetts on February 1, 2005, at which the Defendant did not appear after being given proper notice, the Joint Trade Board duly issued an Award on February 7, 2005 sustaining Plaintiff's grievances against Defendant, including a finding that Canaan Drywall, Inc. was a successor company to Canaan Drywall and awarding Plaintiff and its affiliated funds the amount of $233,628.48 as contributions to the Plaintiff's Benefit

Funds and $25,260.64 as dues to the Plaintiff, plus 20% liquidated damages, audit costs of $2,975.00, and a $200.00 administrative fee, for a total of $308,789.81.

10. To date and without any lawful justification, Defendant has refused to comply with the Joint Trade Board's Award, a copy of which is attached as Exhibit A.

11. The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of the award. M.G.L. c. 150 § 11.

12. Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant:

A. ordering Defendant to comply with the Joint Trade Board's Award in the amount of $308,789.81, with pre-judgment interest from ten (10) days after the receipt of the Award as provided for in the collective bargaining agreement;

B. ordering Defendant to pay Plaintiff's costs and attorney's fees for bringing this action;

C. awarding such other and further relief as may be just and proper; including, but not limited to, declaring that the Defendant is time-barred from asserting any affirmative defenses because the statutory period of thirty (30) days has elapsed.

> Plaintiff,
> Painters and Allied Trades District Council No. 35,
> By its attorney,
>
> /s/ Michael A. Feinberg
> Michael A. Feinberg, BBO #161400
> Feinberg, Campbell & Zack, P.C.
> 177 Milk Street
> Boston, MA 02109
> (617) 338-1976

DATED: March 21, 2005

3

Chairman - Secretary
**Thomas J. Gunning**
PFEANE, Inc.
GEANE, Inc.

NEW ENGLAND

Treasurer
**Ralph Harriman**
District Council No. 35

*PAINTING, FINISHING & GLAZING INDUSTRIES*

*DC 35 Joint Trade Board*

Painters and Allied Trades District Council No. 35
Labor & Management Working Together in MA, ME, NH, VT

CERTIFIED MAIL

**DC-29 & FAC-83**

February 7, 2005

Canaan Drywall
90 Beebe Pond Rd.
Canaan, NY 12029

Gentlemen:

    This matter came before the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board at a hearing on February 1, 2005, at the offices of Painters District Council No. 35, 25 Colgate Road, Roslindale, MA. Despite prior written notice that a hearing would take place as scheduled, no one appeared on behalf of the Company. Therefore, the Board voted to proceed.

    Gene D'Avolio, DC 35 Director of Servicing presented the evidence supporting the charge.

    Mr. D'Avolio testified that the charge against the company, involved a violation of the Working Agreement, specifically Article XVII, <u>Subcontracting</u> (B).

    Evidence of prior contracts executed by the Company indicated that the Company representative, Michael Kosakowski, first executed a contract with DC 35 on May 2, 2000. Mr. D'Avolio testified that the company primarily performed work at the Dartmouth – Hitchcock Medical Center in Lebanon, New Hampshire and paid cash to its employees rather than reporting their hours to the Funds. Heather Palmacci, Collections Manager of the DC 35 Benefit Funds, testified that an audit was conducted on the books and records of the Company on November 16 through November 18, 2004. The audit revealed an under-reporting in hours of 8,709.5 reported for the years 2002 and 2003. In addition, the auditors found that $115,616.20 in W-2 wages were not reported to the Funds. Using the hourly rate then in effect for that area and time period Ms. Palmacci and the auditors determined that $178,161.29 was owed to the Funds and $18,987.08 owed to DC 35 for dues not deducted. The auditors also discovered $127,820.00 in cancelled checks paid to individuals who performed bargaining unit work. Using the hourly rate then in effect for that area and time period Ms. Palmacci and the auditors determined that $55,467.19 was owed to the Funds and $6,273.56 owed to DC 35 for dues not deducted.

    Mr. D'Avolio also informed the Board that sometime after the Company executed its agreement with DC 35 it incorporated and may now be claiming that Canaan Drywall, Inc. is not bound to the contract previously executed in 2000 by Canaan Drywall. The Board reviewed the contract signed by Canaan Drywall, Inc. with DC 9 in August 2004, and noted that it and the 2000 contract signed with DC 35 were both executed by Michael Kosakowski and both companies were at the same address. Based on the contracts and testimony of Mr. D'Avolio, the Board concluded that Canaan Drywall, Inc. was a successor company to Canaan Drywall and was bound to the collective bargaining agreement with DC 35.

Based upon the evidence, the Board unanimously voted that Canaan Drywall, Inc. was delinquent in its contributions to the DC 35 Benefit Funds in the amount of $233,628.48 and owed $25,260.64 to DC 35 for dues not deducted from the wages of its employees as required by its collective bargaining agreement.

In addition, the Board voted that Canaan Drywall, Inc. be required to pay 20% as liquidated damages for its delinquent contributions, the audit costs of $2,975.00 and an administrative fee of $200 within ten (10) days following the receipt of this Award. Therefore, a check in the amount of $308,789.81, made payable to the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board and should be mailed to New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board, 1400 Hancock St., 7th floor, Quincy, MA 02169.

In the event that the company fails to comply with any of the terms of this Award and the union prevails at any proceeding to obtain judicial enforcement of the Award, the union's reasonable attorney's fees incurred in such proceedings, as determined by the court on an application for attorney's fees, shall be deemed and, hereby is, a part of this Award. In addition to attorney's fees the union shall be entitled to pre-judgment interest on any amount found to be owed by the company from a date ten (10) days after the company's receipt of the Award, which interest shall be calculated at 1-1/2 % above prime up to $500.00 and 2% above prime over $500.00 or any other higher amount allowed by law or regulation.

The Board voted unanimously for the findings, conclusions and awards set forth herein.

For your information, a copy of the Appeal Procedure is attached hereto.

Very truly yours,

Thomas J. Gunning
Chairman-Secretary

Enc.

cc:  Ralph Harriman, Bus. Mgr. DC#35
     Sharon Saganey, Funds Adm. DC#35
     Michael Feinberg, Esq., Feinberg, Campbell & Zack
     G. D'Avolio, Director of Servicing





# Track & Confirm

**Current Status**

You entered 7004 1160 0003 6993 8719

We attempted to deliver your item at 9:27 am on February 14, 2005 in CANAAN, NY 12029 and a notice was left. It can be redelivered or picked up at the Post Office. If the item is unclaimed, it will be returned to the sender. Information, if available, is updated every evening. Please check again later.

( *Shipment Details >* )

**Track & Confirm**
Enter label number:

Track & Confirm FAQs

**Notification Options**

▸ Track & Confirm by email    What is this?    

 POSTAL INSPECTORS
Preserving the Trust

site map   contact us   government services
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Painters and Allied Trades District Council No. 35 v. Canaan Drywall, d/b/a Canaan Drywall, Inc.</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
               *Also complete AO 120 or AO 121
               for patent, trademark or copyright cases

    ___   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ___   V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

    YES ☐   NO ☒

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES ☐   NO ☒

7. DO <u>ALL</u> OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    YES ☐   NO ☒

    A. IF YES, IN WHICH DIVISION DO <u>ALL</u> OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION ☒   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Michael A. Feinberg, Esq., Feinberg, Campbell & Zack, P.C.</u>
ADDRESS <u>177 Milk Street, Boston, MA 02109</u>
TELEPHONE NO. <u>617-338-1976</u>

(Cover sheet local.wpd - 11/27/00)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Painters and Allied Trades District Council No. 35

**DEFENDANTS**
Canaan Drywall, d/b/a Canaan Drywall, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael A. Feinberg, Esq.
Feinberg Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☒ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act, 29 U.S.C. §185

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 308,789.81
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 3/21/05
SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael A. Feinberg

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____